UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARTHUR MURPHY,

                    Plaintiff,

-against-

AUTOZONERS, LLC, (d/b/a AUTOZONE AUTO
PARTS STORE 4778), LENWORTH SEWELL,
*individually*, and IRZSAUD JAIKERAN (a/k/a
Mark), *individually,*

                    Defendants.

**MOTION FOR SUMMARY JUDGMENT**

22-cv-00911

## MOTION FOR SUMMARY JUDGMENT

Defendants, AutoZoners, LLC (incorrectly named as "d/b/a AUTOZONE AUTO PARTS, STORE 4778"), Lenworth Sewell ("Sewell"), and Irzsaud Jaikeran ("Jaikeran") (collectively "Defendants"), file this *Motion for Summary Judgment*.

After he was discharged for a legitimate, non-discriminatory and non-retaliatory reason - - the company's good faith belief that he had abandoned his job after he did not call or show up for his scheduled shifts in January of 2021 - - Plaintiff filed a lawsuit against AutoZone, his former District Manager (Sewell, who is African-American) and his former Store Manager (Jaikeran, who is Guyanese-American). Plaintiff asserted that he was fired and subjected to other employment actions due to his race and/or due to retaliation and had also experienced a hostile work environment due to his race and/or national origin, African-American. These claims are asserted under Title VII, 42 U.S.C. §1981, the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Plaintiff also asserts "aiding and abetting claims"

#101688900v3

against Jaikeran and Sewell in violation of the NYSHRL and NYCHRL.  Plaintiff cannot establish any of these claims.

With respect to Plaintiff's hostile work environment claim, this must be dismissed because: (1) he failed to exhaust his administrative remedies with respect to his Title VII claim; (2) he failed to allege any comments made due to his race/national origin; (3) he cannot establish that he was subjected to severe or pervasive comments based on his race/national origin; and (4) he cannot establish that AutoZone can be held liable for such conduct.

With respect to his discriminatory discharge and other allegedly discriminatory actions, all analyzed under the *McDonnell Douglas* framework, Plaintiff falls woefully short of being able to establish these claims.  First and foremost, only his discharge will suffice to constitute an adverse employment action as the discipline (other than discharge) did not lead to any loss of pay, position, or responsibilities.  With respect to his discharge claims, he cannot even meet his *prima facie* burden given that: (1) he was not qualified for the position due to his chronic attendance issues; and (2) he has no evidence of disparate treatment and or any facts to suggest that he was fired due to his race/national origin.  Rather, it is undisputed that he was replaced by someone within his very same protected class, African-American.  In the alternative, Plaintiff has no evidence that his discharge was a pretext for intentional discrimination.  The company had a good faith belief that Plaintiff abandoned his job.  Whether the company was correct or not is not relevant.  The issue is only whether Plaintiff has any evidence that the company's decision was motivated by his race or national origin. Plaintiff has no such evidence.

Finally, with respect to Plaintiff's retaliation claims, again only his discharge can qualify as a materially adverse employment action to support a retaliation claim.  Plaintiff cannot establish his *prima facie* burden because no one involved in the decision to fire him due to job abandonment

#101688900v3

had any knowledge of any protected activity by Plaintiff.  Moreover, Plaintiff has no evidence that his discharge was a pretext for retaliation given both the lack of knowledge of any protected activity by him and the fact that numerous others were discharged for job abandonment, and Plaintiff has no evidence that the decision maker knew of any protected activity by those individuals.

WHEREFORE, Defendants respectfully request that the Court enter summary judgment in favor of Defendants and against Plaintiff on each and every one of his claims.

Dated:  November 17, 2023

Respectfully submitted,

*/s/ Laurie M. Riley*
Laurie M. Riley, Esq. (Florida Bar No.: 657751)
(Admitted *Pro Hac Vice*)
Jones Walker LLP
201 South Biscayne Boulevard, Suite 3000
Miami, FL 33131
Telephone:   305-679-5728
Facsimile: 305-679-5816
Email:  lriley@joneswalker.com

And

Tracy E. Kern, Esq. (Louisiana Bar No.: 20246)
(Admitted *Pro Hac Vice*)
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, LA 70170
Telephone: 504-582-8134
Facsimile: 504-589-8134

And

Michael D. Billok, Esq. (Bar Roll No. 516448)
Bond Schoeneck & King PLLC
268 Broadway, Suite 104
Saratoga Springs, New York 12866
Telephone: (518) 533-3236
Facsimile: (518) 533-3299
Email: mbillok@bsk.com
*Attorneys for Defendants*

#101688900v3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this *Motion for Summary Judgment* was served on counsel for Plaintiff,

Arthur Murphy, on November 17, 2023, by email.

Melissa Vo, Esq.
Phillips & Associates,
Attorneys at Law, PLLC
45 Broadway, Suite 430
New York, New York 10006
mvo@tpglaws.com

*/s/ Laurie M. Riley*
Laurie M. Riley

#101688900v3