UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARTHUR MURPHY,

                        Plaintiff,

                                                    Case No. 22-cv-00911

        -against-

AUTOZONERS, LLC, (d/b/a AUTOZONE AUTO
PARTS STORE 4778), LENWORTH SEWELL,
*individually*, and IRZSAUD JAIKERAN (a/k/a
Mark), *individually,*

                        Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S COUNTER-STATEMENT OF FACTS**

        Defendants submit the following Responses to Plaintiff's Counter-Statement of Facts (Rec.

Doc. 45, PageID#: 689-692):

**BACKGROUND**

1.      Plaintiff was a satisfactory employee for AutoZone. (Ex. 1, Murphy Decl. ¶ 3).

**Response:**  Disputed.  Plaintiff's statement is vague and conclusory and also based solely on his

personal opinion, which is neither relevant nor admissible.

2.      Defendants Lenworth Sewell and Irszaud Jaikeran ("Individual Defendants") both had

        supervisory authority over Plaintiff, including but not limited to the power to assign

        Plaintiff's site location and tasks, to discipline Plaintiff, and to affect the status of Plaintiff's

        employment. (Ex. 1, Murphy Decl. ¶ 5-7; Ex. 3, Sewell Dep. at 24:13-26:5; Ex. 4, Jaikeran

        Dep. at 72:14-19; Ex. 7, AZ-00018-19).

**Response:**  Disputed to the extent that Plaintiff claims Mr. Sewell was his direct supervisor at any

point in time.  Within the deposition pages cited by Plaintiff, Mr. Sewell testified that he had no

authority to fire any employee or suspend any employee, and did not testify that he had any

#101783002v3

authority to assign Plaintiff's site location, tasks, or affect the status of his employment. Similarly, the testimony cited from Mr. Jaikeran's deposition does not support Plaintiff's statement. Moreover, Mr. Jaikeran did not become Plaintiff's Store Manager until the Fall of 2020. (Rec. Doc. 40-2, Page ID#: 483, No. 49). Finally, Ex. 7 does not support Plaintiff's statement other than with respect to Mr. Jaikeran's issuance of discipline to Plaintiff due to Plaintiff's repeated attendance policy violations.

**RACE/NATIONAL ORIGIN DISCRIMINATION**

3.      Mr. Jaikeran was aware that multiple Guyanese employees were staffed at Plaintiff's and Mr. Jaikeran's store location in 2020. (Ex. 1, Murphy Decl. ¶ 10; Ex. 4, Dep. Jaikeran at 15:8-17:11, 38:22-39:11; Ex. 6, Dep. Maraj at 25:13-26:1).

**Response:**  Disputed.  This allegation is based solely on Plaintiff's testimony about what he contends that Mr. Jaikeran knew, which is inadmissible speculation.  Mr. Jaikeran's testimony was that he had no knowledge that anyone at his store was Guyanese other than himself.  (Rec. Doc. 38-6, 74:9-19).  Plaintiff has no admissible evidence to dispute this. (Rec. Doc. 40-2, PageID#: 481-82, No. 41).

4.      In or around July 2020, Mr. Jaikeran stated in sum and substance, "You don't want to work" and "I am only going to hire and promote my people. They work well and we come from the same place." (Ex. 1, Murphy Decl. 11 11).

**Response:**  Undisputed that this is what Plaintiff alleged in his Amended Complaint, but this does not constitute a "counter statement" given that Plaintiff admitted it was an undisputed statement in response to Defendants' Undisputed Material Facts. (Rec. Doc. 40-2, Page ID#: 483-84, No. 51).

#101783002v3

5.    Mr. Jaikeran favored employees of Guyanese descent over Plaintiff, who is not Guyanese. (Ex. 1, Murphy Decl. ¶ 5,1113-15 ¶ 40, ¶ 27; Ex. 4, Jaikeran Dep. at 61:12-62:17).

**Response:**  Disputed.  The cited "evidence" does not support this statement.  Moreover, as noted in Response to No. 3, Mr. Jaikeran had no knowledge that any employee at Store 4778 was of Guyanese descent other than himself.

6.    In approximately October of 2020, in response to a customer stating that he wanted to see more diverse employees at AutoZone, Mr. Jaikeran responded in sum and substance "I am going to fire everyone and hire my own people." (Ex. 1, Murphy Decl. ¶ 16-17).

**Response:**    Undisputed to the extent that Plaintiff made such allegations in his Amended Complaint; however, this does not constitute a "counter statement" given that Plaintiff admitted it was an undisputed statement in response to Defendants' Undisputed Material Facts. (Rec. Doc. 40-2, Page ID#: 483-84, No. 51).

7.    Shortly thereafter, Plaintiff informed Angel Callejas of Human Resources and District Manager Mr. Sewell to complain of Mr. Jaikeran's discriminatory comments. (Ex. 1, Murphy Decl. ¶ 18; Ex. 6, Dep. Sewell at 118:3-118:8).

**Response:**  Disputed.  Plaintiff testified that he never reported any alleged harassment to Mr. Callejas, and statements in his Declaration cannot be used to create a fact issue when they contradict deposition testimony. (Rec. Doc. 38-2, 65:22-66:4, 66:25-67:18).  Additionally, the testimony of Mr. Sewell cited by Plaintiff does not support this statement.

8.    Mr. Sewell was aware that Mr. Jaikeran told a customer "I am going to hire my own people." (Ex. 1, Murphy Decl. ¶ 18).

**Response:**  Disputed.  As Mr. Sewell testified, all he knew was that Plaintiff told him that Mr. Jaikeran wanted to hire his own people, meaning people he chose to hire rather than employees he

#101783002v3

inherited, as many other Store Managers have said to Mr. Sewell when they are having coverage or staffing issues. (Rec. Doc. 40-5, 118:3-22).

9.      In compliance with AutoZone's antidiscrimination policy, Mr. Sewell was required to take immediate action when instances of prohibited discrimination came to their attention. (Ex. 10, AZ-00123 and AZ-00529).

**Response:**  Admitted that AutoZone's antidiscrimination policy requires managers who receive a complaint of discrimination to report this to Human Resources.  Disputed that Mr. Sewell received such as report of discrimination from Plaintiff.  *See* Response to No. 8.  Mr. Sewell testified that Plaintiff never reported discrimination to him. (Rec. Doc. 40-5, Excerpts from Deposition of Sewell are attached as Exhibit B, 118:3-120:3).

10.     However, no investigation was conducted and no disciplinary action was taken following Plaintiff's October 2020 complaint. (Ex. 3, Sewell Dep. at 58:5-58:11; Ex. 1, Murphy Decl. ¶ 20).

**Response:**  Disputed to the extent that this statement implies Plaintiff made any complaint of discrimination in October of 2020. He did not. *See* Responses to Nos. 8 and 9.

11.     Instead, after his complaint in late October 2020, Plaintiff began receiving increased numbers of disciplinary points from Defendant Jaikeran and reduced hours. (Ex. 1, Murphy Decl. ¶ 21; Ex. 8, at AZ-00078-80).

**Response:**  Disputed.  The cited "evidence" does not support this statement.  Rather, the undisputed evidence demonstrates that Plaintiff has no support for this statement. (Rec. Docs. 38-1, 45, Nos. 23-24, 31-38, 40, 57, 58, 62, 63-67, 69-74).

**ATTENDANCE POLICY**

12.     If employees accumulated points in the interim of the COVID pandemic period in 2020, these points were not supposed to count towards potential disciplinary action. (Ex. 3, Sewell Dep. at 83:13-84:18; Ex. 5, Callejas Dep. at 77:1-77:4).

**Response:**  Disputed. The cited testimony states that no discipline would be issued at some point during the pandemic, but does not state that any points would be removed or not "count" toward disciplinary action in the future. In fact, Plaintiff has admitted that points were still being accumulated. (Rec. Doc. 40-2, PageID#: 478-79, No. 24).

13.     AutoZone did not instruct its employees to return to the standard AutoZone attendance policy until at least September 27, 2020. (Ex. 14, at AZ-00381).

**Response:**  Disputed. (Rec. Doc. 38-4, ¶ 6).  The evidence cited by Plaintiff does not support this statement.

14.     Accountability for points for the purposes of disciplinary actions resumed in November 2020. (Ex. 3, Sewell Dep. at. 83:13-84:18).

**Response:**  Disputed. The cited testimony does not support this statement.

15.     Plaintiff's point accumulation on his attendance report was determined by Mr. Jaikeran. (Ex. 4, Dep. Jaikeran at 48:7-48:25).

**Response:**  Disputed. The cited testimony does not support this statement.  The occurrence points depend on whether an employee does or does not give notice, whether the absence or tardy is during the week or weekend, and/or whether a point should or should not be given pursuant to exceptions to the attendance policy.  (Rec. Doc. 40-2, PageID#: 476-77, No. 15).

**RETALIATION**

16.     Between September 27, 2020, and November 6, 2020, Plaintiff accumulated eight (8) points. (Ex. 11, AZ-00131).

5

#101783002v3

**Response:**  Undisputed but not relevant given that the total number of points by early November of 2020 was 22. (Rec. Doc. 38-2, PageID#: 344).

17.    Approximately November of 2020, Plaintiff again contacted Human Resources to report the continued discriminatory and retaliatory treatment from Mr. Sewell and Mr. Jaikeran. (Ex. 1, Murphy Decl. ¶ 25).

**Response:**  Disputed.  Plaintiff testified that he never reported any such conduct to Mr. Callejas. (Rec. Doc. 38-2, 65:22-66:4; 66:25-67:18; *see also* Rec. Doc. 38-5, 63:4-18).  Plaintiff's citation to his own declaration cannot be used to create a genuine issue of material fact when the statement in the declaration contradicts his deposition testimony.

18.    No investigation was conducted and no disciplinary action was taken following Plaintiff's November 2020 complaint. (Ex. 1, Murphy Decl. ¶ 26).

**Response:**  Disputed.  *See* Response to No. 32, and the evidence cited therein showing that Plaintiff made no such report of discrimination or retaliation in November of 2020.

19.    Between September 27, 2020, and December 8, 2020, Plaintiff accumulated eleven (11) points. (Ex. 11, AZ-00131).

**Response:**  Undisputed, but irrelevant given that the total points earned by Plaintiff as of December 8, 2020 was 24.  (Rec. Doc. 38-2, PageID#: 344).

20.    Although Defendants applied their more lenient COVID attendance policy to other employees, they did not apply to it Plaintiff (Ex. 3, Sewell Dep. at. 83:13-84:18; Ex. 7, AZ-00018 - AZ-00019; Ex, 11, AZ-00131).

**Response:**  Disputed.  Neither the cited testimony nor exhibits support this statement. Additionally, it is clear that numerous individuals received discipline for attendance policy violations. (Rec. Docs. 38-1, 45, Nos. 23-24, 31-38, 40, 57, 58, 62, 63-67, 69-74).

#101783002v3

21.     Approximately December 11, 2020, Plaintiff complained to Angel Callejas of Human Resources Department and Defendant Sewell regarding the discriminatory behavior and hostile work environment at his location. (Ex. 20, Murphy000160-161; Ex. 1, Murphy Decl. ¶ 28).

**Response:**  Disputed.  Plaintiff testified that he never reported any such conduct to Mr. Callejas. (Rec. Doc. 38-2, 65:22-66:4; 66:25-67:18; *see also* Rec. Doc. 38-5, 63:4-18).  Plaintiff's citation to his own declaration cannot be used to create a genuine issue of material fact when the statement in the declaration contradicts his deposition testimony. Indeed, Plaintiff testified that he had no idea who the number he entered into his contacts as "HR" belonged to. (Excerpts from Deposition of Plaintiff attached as Exhibit C, 67:19-70:18).

22.     No investigation was conducted and no disciplinary action was taken following Plaintiff's December 2020 complaint. (Ex. 1, Murphy Decl. ¶ 29-31).

**Response:**  Disputed. Plaintiff never reported discrimination. *See* Response to No. 21.  Moreover, the cited testimony from Plaintiff's Declaration does not support this statement.

23.     In or around early January of 2021, Plaintiff advised Mr. Jaikeran that he would have an upcoming surgery for his herniated disk and would be returning to work after he recovered from his surgery in a couple of weeks. (Ex. 1, Murphy Decl. ¶ 32-33).

**Response:**  Disputed to the extent Plaintiff is claiming that he told Mr. Jaikeran when the surgery would be.  (*See* Rec. Doc. 40-2, PageID#: 488, No. 75).

24.     Plaintiff called Mr. Jaikeran on January 6, 7, and 9, of 2021, to again advise he would be absent due to his surgery and would return once recovered. (Ex. 21, Murphy000163-Murphy000166; Ex. 1, Murphy Decl. ¶ 33).

#101783002v3

**Response:**  Disputed. While Plaintiff called Mr. Jaikeran on those dates, he simply said he was not coming to work - - with no explanation - - and then, on January 9, 2020, told Mr. Jaikeran that he had "better things to do" and hung up. (Excerpts from Deposition of Irzsaud Jaikeran are attached as Exhibit A, 86:3-24).

25.    In response to this, Mr. Jaikeran laughed at Plaintiff and said "ok," and hung up abruptly on the Plaintiff. (Ex. 1, Murphy Decl. 1134).

**Response:**  Disputed. *See* Response to No. 24.

26.    Plaintiff gave proper notice of his impending surgery. (Ex. 1, Murphy Decl. ¶ 32-35).

**Response:**  Disputed. *See* Responses to Nos. 23 and 24. Plaintiff never advised AutoZone when his surgery was going to be.  (*See* Rec. Doc. 40-2, PageID#: 488, No. 75).

27.    Although Mr. Jaikeran approved Plaintiff's medical leave in September of 2020, he did not approve Plaintiff's medical leave in January of 2021 due to Plaintiff's complaints against him. (Ex. 1, Murphy Decl. ¶ 40).

**Response:**  Disputed.  The evidence cited does not support this statement.  Plaintiff never advised AutoZone when his surgery was going to be.  (*See* Rec. Doc. 40-2, PageID#: 488, No. 75).

28.    Plaintiff's termination in January of 2021 was primarily reliant on information provided and prepared by Mr. Jaikeran. (Ex. 1, Murphy Decl. 1124; Ex. 4, Callejas Depo. at 103:7-104:7; 104:19-24; Ex. 3, Sewell Dep. at 58:5-58:11).

**Response:**  Disputed. The cited evidence does not support this statement.

29.    Following Plaintiff's termination, Defendants did not contact Plaintiff regarding any subsequent investigation of his claims of discrimination. (Ex. 1, Murphy Decl. ¶ 39).

**Response:**  Disputed because Plaintiff never reported any claims of discrimination during his employment.  (*See* Response to Nos. 7, 9, 10, 11, 17, 18, 21, and 22).

#101783002v3

30.     Plaintiff's multiple complaints to his managers and Human Resources were in compliance with AutoZone's complaint policy. (Ex. 1, Murphy Decl. ¶18, 25, 28, 32, Ex. 10, AZ-00123 and AZ-00529).

**Response:**   Disputed because Plaintiff never reported any claims of discrimination during his employment.  (*See* Response to No. 29.  *See also*, Rec. Doc. 40-2, PageID# 476, Nos. 10-12).[1]

31.     Defendants were aware of AutoZone's antidiscrimination policy and of Plaintiff's discrimination complaints and did not take immediate or proper action. (Ex. 3, Sewell Dep. at 126:9-19; Ex. 4, Callejas Depo. at 37:9-14; Ex. 1, Murphy Decl. ¶ 32-35).

**Response:**   Undisputed that Defendants were aware of AutoZone's antidiscrimination policy. Disputed that Plaintiff ever made any reports of discrimination such that any investigation would have been required.  (*See* Response to No. 29).

---

[1] In his Response to Defendants' Statement No. 12, Plaintiff cites to his own declaration to say that he thought that he could report harassment, discrimination or retaliation to his manager. However, that statement cannot be used to contradict Plaintiff's deposition testimony that he knew he must report any such alleged conduct to either the Regional Human Resources Manager or AutoZoner Relations.

9

#101783002v3

Dated:  November 17, 2023

Respectfully submitted,

*/s/ Laurie M. Riley*
Laurie M. Riley, Esq.
Florida Bar No.: 657751
(Admitted *Pro Hac Vice*)
Jones Walker LLP
201 South Biscayne Boulevard, Suite 3000
Miami, FL 33131
Telephone:  305-679-5728
Facsimile: 305-679-5816
Email:  lriley@joneswalker.com

And

Tracy E. Kern, Esq.
Louisiana Bar No.: 20246
(Admitted *Pro Hac Vice*)
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, LA 70170
Telephone: 504-582-8134
Facsimile: 504-589-8134

And

Michael D. Billok, Esq.
Bar Roll No. 516448
Bond Schoeneck & King PLLC
268 Broadway, Suite 104
Saratoga Springs, New York 12866
Telephone: (518) 533-3236
Facsimile: (518) 533-3299
Email: mbillok@bsk.com

10

#101783002v3

## CERTIFICATE OF SERVICE

I hereby certify that this *Defendants' Responses to Plaintiff's Counter-Statement of Facts*

was served on counsel for Plaintiff, Arthur Murphy, on November 17, 2023, by email:

Melissa Vo, Esq.
Phillips & Associates,
Attorneys at Law, PLLC
45 Broadway, Suite 430
New York, New York 10006
mvo@tpglaws.com


                                      */s/ Laurie M. Riley*
                                         Laurie M. Riley

#101783002v3