UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ARTHUR MURPHY,

                      Plaintiff,

         -against-

AUTOZONERS, LLC, d/b/a Autozone Auto Parts,
Store 4778, Lenworth Sewell, and Irzsaud
Jaikeran, a/k/a Mark,

                    Defendants.
------------------------------------------------------------- x

**ORDER**

22 Civ. 911 (OEM) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court is the request of Defendants Autozoners, LLC, doing business as Autozone Auto Parts, Store 4778; Lenworth Sewell; and Irzsaud Jaikeran, also known as Mark ("Defendants"), to tax costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1, see generally ECF Nos. 58-58-3, following the entry of judgment in their favor on their motion for summary judgment, see generally ECF No. 57. Plaintiff Arthur Murphy ("Plaintiff") objected, in part, to Defendants' request. See generally ECF No. 59. For the reasons set forth below, Plaintiff's objections are sustained in part and overruled in part, as further discussed below. The Clerk of Court is directed to tax costs accordingly, and award Defendants $4,789.15 in costs.

Defendants seek for the following costs to be taxed: $4,010.65 for Plaintiff's deposition, consisting of $700.00 for court reporters; $2,468.85 for the deposition transcript; $46.80 for scanned documents; $30.00 for a "Lit Support Package"; $750.00 for a "Remote Depo/Exhibit Tech" and $15.00 for a "Processing and Production Fee," ECF No. 59-2 ¶ 9(a); ECF No. 58-3 at 2; $435.00 for Lenworth Sewell's deposition, consisting entirely of the cost of the deposition transcript, ECF No. 59-2 ¶ 9(b); ECF No. 58-3 at 3; $492.00 for Irzsaud Jaikeran's deposition,

1

consisting entirely of the cost of the deposition transcript, ECF No. 59-2 ¶ 9(c); ECF No. 58-3 at 4; $267.00 for Mukesh Maraj's deposition, consisting entirely the cost of the deposition transcript, ECF No. 59-2 ¶ 9(d); ECF No. 58-3 at 5; $366.00 for the deposition of Angel Callejas, consisting entirely of the cost of the deposition transcript, ECF No. 59-2 ¶ 9(e); ECF No. 58-3 at 6; $13.50 for copies of Plaintiff's medical records produced by Advanced Medical Care PLLC, ECF No. 59-2 ¶ 10(a); ECF No. 58-3 at 7; and $300.00 for the Court-annexed mediation fee, ECF No. 59-2 ¶ 11; ECF No. 58-3 at 8.  Plaintiff objects to taxing of the following costs: (1) for Plaintiff's deposition, $700.00 for court reporters, $750.00 for a "Remote Depo/Exhibit Tech," $30.00 for a "Lit Support Package," and $15.00 for a "Processing and Production Fee"; (2) $267.00 for Mukesh Maraj's deposition transcript; and (3) $300.00 for the Court-annexed mediation fee.  ECF No. 59 at 3-5.

As to Plaintiff's deposition, Plaintiff's objections are sustained.  Local Civil Rule 54.1(c)(2) provides that, "[u]nless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety," and that "[c]osts for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion."[1]

First, $700.00 for court reporters is taxable.  Appearance fees for court reporters are taxable, given that they constitute "[c]osts for depositions" pursuant to Local Civil Rule 54.1(c)(2), as well as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920.  See Pierre v. City of New York, No.

---

[1] The Court applies the version of the Local Rules in effect at the time of Defendants' request, which is identical to the current version of the Local Rules with regard to the quoted language.

2

5 Civ. 5018 (JFB) (KAM), 2008 WL 1700441, at *1 (E.D.N.Y. Apr. 9, 2008) (stating that, "[a]ccording to the invoices, the requested costs included appearance fees for the court reporter" and noting that the clerk taxed costs for the requested amount, which included the court reporter's appearance fee (citations omitted)); see also Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013) (noting that "[n]umerous courts have ruled that court reporter appearance fees are properly taxable as costs," given that they are "necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript," and taxing such costs (collecting cases)); Mann v. Acclaim Fin. Servs., Inc., 348 F. Supp. 2d 923, 931 (S.D. Ohio 2004) (taxing costs for a court reporter's appearance fee as recoverable pursuant to 28 U.S.C. § 1920); Riley v. UOP LLC, 258 F. Supp. 2d 841, 844 (N.D. Ill. 2003) (taxing costs for court reporters' appearance fees for various depositions (citations omitted)).[2]

Second, $750.00 for a "Remote Depo/Exhibit Tech" is not taxable. Defendants did not provide information as to why this fee should fall under the umbrella provision allowing for deposition costs leading to the preparation of a deposition transcript. Although, at the time the deposition was taken, remote recording technology may still have been unfamiliar, Defendants have not explained why some brief assistance, rather than an entire day of assistance, was

---

[2] Although some other courts applying Local Civil Rule 54.1(c)(2) have concluded that appearance fees for court reporters are not taxable, see, e.g., In re Mylan N.V. Sec. Litig., No. 16 Civ. 7926 (JPO), 2025 WL 315822, at *4 (S.D.N.Y. Jan. 28, 2025) (reasoning that "the court reporters' fee charged for attending depositions [is] . . . not taxable, as courts in this District have determined that court reporter appearance fees . . . are not taxable" (citation & quotations omitted)); Perez v. City of New York, 15 Civ. 9385 (JSR), 2019 WL 4400347, at *1 (S.D.N.Y. Aug. 12, 2019) (reasoning that appearance fees for court reporters are not taxable costs (citations omitted)), this Court disagrees with this view. Given the necessity of the court reporter's appearance at a deposition to prepare a transcript of the deposition, the appearance fee for a court reporter is reasonably encompassed within Local Civil Rule 54.1(c)(2), which permits the taxation of costs for deposition transcripts and "[c]osts for depositions."

3

necessary.  Appearance fees for technical staff are not taxable, at least without further justification.  See In re Mylan N.V. Sec. Litig., No. 16 Civ. 7926 (JPO), 2025 WL 315822, at *4 (S.D.N.Y. Jan. 28, 2025) (reasoning that costs for "Veritext Virtual Participants" are not taxable (citation & quotations omitted)).

Third, $30.00 for a "Lit Support Package" is not taxable.  The description of this cost is too vague to conclude that it is taxable, and, in response to Plaintiff's objections, Defendants failed to respond or to offer any information that would warrant a conclusion to the contrary. See Mylan, No. 16 Civ. 7926 (JPO), 2025 WL 315822, at *4 (reasoning that the "request for costs associated with the 'Litigation Package' is too vague to sustain an award of costs, as neither the briefing nor the supplied records explain what the 'Litigation Package' is or why it was necessary to a deposition that was used or to the production of a deposition transcript and copy," and that the "[d]efendants make no separate argument as to why [the Litigation Package] should be taxed" (citation & quotations omitted)).

Fourth, $15.00 for a "Processing and Production Fee" is not taxable.  Miscellaneous processing and production fees, particularly without any explanation from Defendants, are not taxable.  See Rivera v. Home Depot U.S.A. Inc., No. 16 Civ. 7552 (JGK) (OTW), 2021 WL 1844973, at *4 (S.D.N.Y. Feb. 10, 2021) (noting that "[t]he [c]lerk of [c]ourt has accepted . . . [the] objections and further reduced the costs – reducing . . . file processing fees" (citation omitted)), report & recommendation adopted, 16 Civ. 7552 (JGK) (OTW), 2021 WL 1530051 (Apr. 19, 2021); cf. Mylan, No. 16 Civ. 7926 (JPO), 2025 WL 315822, at *4 (permitting the taxation of "Production/Processing" costs only upon the provision of further explanation that such costs "were necessary to generating and distributing the transcript in one electronic file,"

which "adequately explain[ed] that the requested costs stemmed from the creation of the deposition transcripts" (citation & quotations omitted)).

As to Mukesh Maraj's deposition, Plaintiff's objection is overruled.  Again, Local Civil Rule 54.1(c)(2) provides that, "[u]nless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety," and that "[c]osts for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion."  Although not cited directly in the District Court's decision on the motion for summary judgment in this action, see generally ECF No. 56, a portion of Mukesh Maraj's deposition transcript was attached as an exhibit to Plaintiff's response to Defendants' Rule 56.1 statement, see generally ECF No. 45-6.  "The filing of a deposition transcript necessarily means a court will use it, since summary judgment may be granted only if the pleadings, deposition, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," such that "courts in this District have consistently permitted costs to be taxed for deposition transcripts submitted in connection with a summary judgment [motion] regardless of how or if the court uses those transcripts in its decision."  Phoenix Light SF DAC v U.S. Bank Nat'l Ass'n, 14 Civ. 10116 (VSB), 2023 WL 5498928, at *4 (S.D.N.Y. Aug. 25, 2023) (quotations omitted) (collecting cases).

As to Court-annexed mediation, Plaintiff's objection is sustained.  $300.00 for the Court-annexed mediation fee is not a taxable cost under the Local Rules.  Bauta v. Greyhound Lines, Inc., No. 14 Civ. 3725 (RER), 2019 WL 8060181, at *6 (E.D.N.Y. June 17, 2019) (reasoning that "[m]ediation is not a taxable cost under 28 U.S.C. § 1920 or Local Rule 54.1(c)," and noting

that the "[p]laintiff offers no explanation and cites no case law to support their application for $5,550.00 in costs for mediation," thereby denying the request).  To allow such a cost would be contrary to the sprit of the Court-annexed alternative dispute resolution program, which aims to provide a method other than through litigation to resolve parties' disputes.  The common practice of splitting the mediator's fees shows a mutual willingness to share the burden of resolving the parties' dispute.  That the mediation did not succeed is not a reason to shift this expense to the party after the parties' agreed to a mutual division of the fee.

In conclusion, as to the objected-to costs, $1,795.00 in the costs sought are not taxable. The Clerk of Court is directed to tax costs accordingly, and award Defendants $4,789.15 in costs.

Dated: Brooklyn, New York
       March 2, 2026

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge

6